| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:15-CR-110(2) |
| | § | |
| RAFAEL ISIDRO-CHAMU | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Rafael Isidro-Chamu's ("Defendant") *pro se* Motion for Reduction of Sentence (#169), which the court will construe as a request that the duration of his sentence be served on home confinement. Having considered the motion and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On June 11, 2015, a federal grand jury in the Eastern District of Texas returned a single-count Indictment charging Defendant in Count One with Conspiracy to Possess with the Intent to Manufacture and Distribute Cocaine, in violation of 21 U.S.C. § 846. Pursuant to a non-binding plea agreement, Defendant pleaded guilty to Count One, and on August 16, 2016, Defendant was sentenced to 70 months' imprisonment, followed by 3 years' supervised release.

II.   Analysis

The Bureau of Prisons ("BOP") is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. *See* 18 U.S.C. § 3621(b). Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of his sentence on home confinement is best left to the discretion, experience, and expertise of the BOP.

*See, e.g.*, *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Carden*, No. CR JKB-15-0016, 2020 WL 1873951, at *2 (D. Md. Apr. 15, 2020) (holding that the court "does not have authority" to order the defendant released to home detention); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is BOP—not the courts—who decides whether home detention is appropriate."); *United States v. Gould*, No. 7:05-CR-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018) ("[T]he BOP is in the best position to determine whether RRC/halfway house placement would be of benefit to [the defendant] and to society in general."); *Creager v. Chapman*, No. 4:09-cv-713, 2010 WL 1062619, at *3 (N.D. Tex. Mar. 22, 2010) (stating that "nothing in the Second Chance Act of 2007, or 18 U.S.C. § 3621(b) entitles . . . any prisoner to placement in a residential reentry center"); *see also Grover v. Kallis*, No. 18-CV-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019).

Thus, the court is of the opinion that a release to home detention is inappropriate under the circumstances and declines to issue another judicial recommendation as to Defendant's place of confinement.

III.   Conclusion

In accordance with the foregoing, Defendant's motion (#169) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of June, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE